GORDON v. STATE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8038. Decided Dec. 5, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**1004. RECEIVING STOLEN GOODS—** Evidence, to support conviction, must show that goods came into possession or custody of accused, or that he assumed control thereof.

Error to Common Pleas.

Judgment reversed.

Dennis J. Lyons, Cleveland, for Gordon.

E. C. Stanton and Maurice J. Meyer, Cleveland, for State.

FULL TEXT.

PER CURIAM.

Plaintiff in error was convicted in the Common Pleas Court of the crime of receiving stolen property. The evidence discloses that on November 22, 1926, one Israel Margolin, drove his Nash sedan automobile from his home to the County Court House in this County, where he parked it and from which place it was stolen between the hours of nine A. M. and eleven thirty A. M. This automobile was found in an alley at 4819 Lorain Avenue on December 2, 1926. The place where the car was found was adjacent to a residence owned by Morgan Kane. As a result, Mike Whitman, James Emerson, John Smith, Morgan Kane, Roy Schneider and George Gordon were arrested and later indicted for the crime of automobile stealing. The indictment also contained a count for operating an automobile without the consent of the owner and for receiving stolen property.

When the case was tried before the Common Pleas Court, the court withdrew from the jury all the other counts in the indictment, in so far as plaintiff in error was concerned, but submitted the case to the jury on the count in the indictment charging the crime of receiving stolen property.

The jury returned a verdict finding the plaintiff in error guilty upon said count in the indictment.

It is the contention of the State that a Nash automobile was stolen by John and Mike Kashman; that it was done with the knowledge and consent of the plaintiff in error Gordon; that the arrangements for the selling of the car were made at the plaintiff in error's roadhouse and in his presence and with his complete knowledge, and that he received or was to receive a share of the profits to be derived from the sale of the automobile.

A careful examination of the record discloses that the Nash car was at no time turned over to plaintiff in error. John Kashman, one of the thieves, and who testified against plaintiff in error, was asked:

Q. Who had the Studebaker and Nash at that time, if you know?
A. Me and my brother.
Q. Will you state to the Court and to the jury how much actual money you received from them?
A. We received $175 from Whitman and $150 from Schneider.
Q. Now what was Gordon's share in the deal?
A. Gordon always got the dough and he gave us the split.
Q. How long did you stay at the roadhouse that day?
A. I was there on the 22nd. I came there with the Studebaker and my brother came there with the Nash. That is before we met the boys.
Q. What was the first thing you did when you got there, Johnny?
A. Turned over the cars to Whitman and Schneider.
Q. At the time you made the deal with Gordon about the Nash, did you or did you not have the Nash at that time?
A. No, sir.

In order that the defendant be held guilty of the crime of receiving stolen property, there must be some credible evidence showing that the stolen automobile came into the possession or custody of the plaintiff in error, or that he assumed control of it. It is quite clear, from the record, that no such thing occurred. There is no evidence of a credible character showing Gordon received any part of the proceeds from the sale of the stolen automobile. If the State's theory is correct that the Kashman brothers stole the automobile by pre-arrangement with Gordon, then Gordon would be clearly guilty as an accessory to the crime of stealing an automobile, because the act of the thieves would be properly charged to him as if he did it in person, and had the jury found him guilty of the crime of automobile stealing, it is doubtful whether the judgment of the Common Pleas Court could be disturbed upon the record. We are concerned only in the conviction upon the charge of receiving stolen property and nothing else. Whatever arrangements, if any, Gordon had with the thieves prior to the stealing of the automobile by them and thereby making him an accomplice to the act of stealing, would not sustain a conviction of Gordon on the charge of receiving stolen property, in view of the record that the stolen automobile at no time came into his possession or custody, or that he assumed control of it.

Upon the review of the record, we hold that the judgment of the Common Pleas Court is manifestly against the weight of the evidence.

The judgment of the Common Pleas Court is, therefore, ordered reversed and the case remanded.

(Sullivan, PJ., Levine and Vickery, JJ., concur.)